UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

CRIMINAL ACTION NO. 2:12-CR-45-DLB-EBA-1
CIVIL ACTION NO. 2:19-CV-84-DLB-EBA

UNITED STATES OF AMERICA,                               PLAINTIFF/RESPONDENT,

V.                          **RECOMMENDED DISPOSITION**

JOHNATHAN SEXTON,                                       DEFENDANT/MOVANT.

\* \* \* \* \* \*

Defendant/Movant Johnathan Sexton (a federal inmate) filed a *pro se* motion[1] to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. DE 148 (Motion). Per normal practice, this matter is before the undersigned for a recommended disposition. Upon full review, and in accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings[2], the undersigned hereby **RECOMMENDS** that Sexton's §2255 request for relief be **DENIED**.

### I.     FACTS AND PROCEDURAL HISTORY

On December 3, 2012, Sexton pleaded guilty to a one-count indictment for making false, fictitious, and fraudulent statements to a federal agency in violation of 18 U.S.C. § 1001. [DE 1 (indictment; DE 19 (minute entry for rearraignment)]. On March 25, 2013, Sexton was

---

[1] Pro se petitions receive a comparatively lenient construction by the Court. *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, 'though vague and conclusory, are entitled to a liberal construction'" including "active interpretation" toward encompassing an allegation stating "federal relief").

[2] This subsection of the rule directs the judge who first reviews the habeas petition to "promptly examine it." Thereafter, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the [petitioner] is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify [him]." Rule 4(b) of the Rules Governing 2255 Proceedings.

sentenced to nine months of imprisonment and three years of supervised release. [DE 30 (minute entry for sentencing) DE 32 (judgment)]. This sentence was made consecutive to a state court, thirty-month sentence, received after being convicted of possessing weapons while under a disability.

On November 26, 2013, in affirming this court's judgment, the United States Court of Appeals for the Sixth Circuit noted that Sexton's attorney had filed a motion to withdraw, as well as an *Anders* brief, which "indicat[ed] that there [we]re no colorable issues to appeal." [DE 42 (citing *Anders v. California*, 386 U.S. 738, 744 (1967)]. In reviewing the imposition of the sentence, the Sixth Circuit: (1) found that the waiver of the right to appeal in the plea agreement was valid, since entry of the plea was done voluntarily and while he was competent; (2) recognized that there were no objections to the presentence report (PSR); and (3) concluded that the sentence imposed adequately fell within the applicable guidelines range [*Id.* at 2-3]. Sexton did not then seek § 2255 relief. He did, however, file several motions seeking to modify his sentence, as well as either amend the conditions of his supervised release or terminate supervised release altogether. *See generally* DE 44, 46, 50; 52; 56; 65.

The three-year term of supervised release began on February 1, 2016. In August 2017, a summons was issued after the probation officer alleged that Sexton had violated the condition of his supervised release requiring him to "answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer." [DE 69; 70]. This same month, it was also reported that Sexton had allegedly violated a condition of his supervised release by committing a new law violation (*e.g.*, Kentucky Revised Statutes § 525.080). Ultimately, on November 6, 2018, following several continuances and motion hearings, the Court revoked Sexton's supervised release and sentenced him to twelve months and one day

of imprisonment for each violation, to be served concurrently, and no further supervised release. *See* DE 128 (amended judgment).

Sexton appealed (DE 130), arguing that "that (1) the government failed to prove that he committed such conduct in Kentucky … and (2) even if the government did prove a violation of Kentucky Revised Statutes § 525.080, the statute is unconstitutionally vague." [DE 146 at 3]. After carefully analyzing both claims, the Sixth Circuit affirmed this court's revocation judgment. [*Id*. at 6].

Now, in this instant § 2255 action, filed on June 20, 2019,[3] he raises three arguments. First, he claims that there is no evidence to show that he committed this new law violation. [DE 148 at 4-7]. Next, he argues that the court erred in establishing guilt because it used a "404b standard." *Id*. at 12-15. Finally, he asserts that a sentencing disparity exists among other, similar defendants. *Id.* at 16-18. This matter is ripe for review and adjudication.

## II. STANDARD OF REVIEW

It is incumbent upon a federal prisoner seeking relief under 28 U.S.C. § 2255 to show that his conviction was the product of a fundamental defect in the proceedings, which necessarily resulted in a complete miscarriage of justice or an egregious error violative of due process. *Gall v. United States,* 21 F.3d 107, 109 (6th Cir. 1994). Pursuant to § 2255, a petitioner may seek habeas relief on grounds that his conviction or sentence violated the Constitution or laws of the United States, the court was without jurisdiction to impose the sentence, the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a).

---

[3] The filing date reflects the prison mailbox rule. *See Richard v. Ray*, 290 F.3d 810, 812–13 (6th Cir. 2002) (per curiam). Here, Sexton declared under penalty of perjury that he executed and placed the § 2255 motion in the prison mailing system on June 20, 2019 (DE 148 at 21).

In order to prevail on his motion, the petitioner must demonstrate the existence of an error of constitutional magnitude, which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2006) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). If the movant alleges a constitutional error, he must establish by a preponderance of the evidence that the error "had a substantial and injurious effect or influence on the proceedings." *Watson v. United States,* 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht,* 507 U.S. at 637–38); *see also Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Alternately, if alleging a non-constitutional error, the defendant must establish "a fundamental defect which inherently results in a complete miscarriage of justice . . . an error so egregious that it amounts to a violation of due process." *Watson*, 165 F.3d at 488 (citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)).

### III.   ANALYSIS

Sexton brings three claims in his § 2255 motion. As described closely below, all of these claims fail here, providing this petitioner no habeas relief.

**Ground 1 has already been reviewed on appeal.**

First, Sexton argues that there is no evidence that he violated Kentucky's harassing communications statute, KRS § 525.080. [DE 148 at 4-7]. This same claim was considered by the Sixth Circuit on appeal.[4] *See* DE 146. Therein, the Court analyzed the applicable evidence against Sexton, determining that, based on the preponderance-of-the-evidence standard, there

---

[4] After evaluating this claim, the Sixth Circuit also considered whether Kentucky Revised Statutes § 525.080 was unconstitutionally vague. Though Sexton does not assert this claim in this instance, it is worth noting that the Court found that KRS § 525.080 is not impermissibly vague, "[g]iven the statute's requirements, including its scienter requirement, written in terms "commonly used in both legal and common parlance," *Deja Vu of Cincinnati, L.L.C. v. Union Twp. Bd. of Trs.*, 411 F.3d 777, 798 (6th Cir. 2005) (en banc)." [DE 146 at 6].

was indeed sufficient evidence to conclude that Sexton had committed the offense of harassing communications, in violation of the challenged statute. *Id* at. 5. Therefore, because a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal— absent highly exceptional circumstances, such as an intervening change in the law—Sexton's first claim fails. *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999); *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999).

### Procedural default of grounds 2 & 3.

In Sexton's final two claims, he argues the court erred in establishing guilt because it used a "404b standard," and also insists that a sentencing disparity exists among other, similar defendants. [DE 148 at 12-18]. These claims are procedurally defaulted.

Under the procedural default rule,[5] a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding, unless the petitioner shows either: 1) "cause" and "actual prejudice"; or 2) "actual innocence." *Massaro v. United States,* 538 U.S. 500, 504 (2003); *Bousley v. United States,* 523 U.S. 614, 621–22 (1998); *United States v. Frady,* 456 U.S. 152, 167–68 (1982). Thus, if the prisoner is unable to meet the first exception, he may still be able to obtain review of his claims under the second exception; however, review under this exception may only be met if the prisoner can demonstrate that his case fits within a narrow class of cases permitting review in order to prevent a fundamental miscarriage

---

[5] This rule generally applies to all claims, including constitutional claims. *See Reed v. Farley*, 512 U.S. 339, 354, (1994) ("Where the petitioner— whether a state or federal prisoner — failed properly to raise his claim on direct review, the writ is available only if the petitioner establishes cause for the waiver and shows actual prejudice resulting from the alleged violation." (internal quotation marks, punctuation, and citations omitted)); *see also Wainwright v. Sykes*, 433 U.S. 72, 84, 97 (1977) (applying cause and prejudice standard to constitutional claims).

of justice. *Bousley*, 523 U.S. at 622-23, citing *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *accord Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001). For example, this burden would be met by a showing of new evidence that a constitutional violation has probably resulted in a conviction of one who is actually innocent. *Id.* These claims were not brought before the Sixth Circuit when he appealed; therefore, they are procedurally defaulted; yet, even if not procedurally defaulted, they bring Sexton no habeas relief because he cannot demonstrate that a constitutional violation has occurred.

<u>*Ground 2*</u>: *Sexton's claim attacking the standard used at the allocution hearing*

Sexton faults the sentencing judge at the allocution hearing for the standard he used in determining that Sexton was guilty of violating the conditions of his supervised release. In order for supervised release to be revoked, the district court "must find by a preponderance of the evidence that a defendant violated a condition of his supervised release." *United States v. Cofield*, 233 F.3d 405, 406 (6th Cir.2000).

Sexton asserts that the sentencing judge, later in the proceedings, confused this preponderance-of-the-evidence standard with the standard under the Fed.R.Evid. 404(b), considering evidence for other purposes such as motive.[6] Despite Sexton's contention, however, as shown in several instances, the judge was very clear in articulating the proper standard upon which findings of the violations were based. First, at the outset, in order to avoid any confusion with the defendant, the judge explained to defense counsel the proper standard that the Court had to use in evaluating the evidence against the Sexton:

---

[6] This argument is also misplaced. The preponderance-of-evidence standard is used by judges to evaluate the sufficiency of the evidence against a particular defendant; the greater the weight of the evidence, the greater the likelihood the defendant is guilty of the underlying criminal offense. On the other hand, 404(b) is a test employed by judges to decide whether to admit or exclude certain kinds of evidence during trial proceedings.

> THE COURT: I'm trying to focus on things that I think are sufficiently proven. We do have a lesser standard, and you've acknowledged that. I mean, if the proof was beyond a reasonable doubt here, I think the recommendation, clearly, on violation 2 would be accurate. We're looking at a [§] 3583[7] preponderance standard, which is far less.
>
> …
>
> MR. SERGENT: I disagree with that standard, Your Honor, but I'm bound by it because it is the law.
>
> THE COURT: You disagree personally, or you disagree from a matter of law?
>
> MR. SERGENT: Professionally.
>
> THE COURT: Okay. Well, that disagreement will be overruled, based upon the fact that I have to follow what the statute says.

[DE 137 at 6].

Thereafter, with respect to each disputed violation, the judge explained his findings and conclusions, carefully acknowledging the proper standard:

> THE COURT: With respect to violation number 1,[8] the Court agrees with the magistrate judge that the United States has established, by a *preponderance of the evidence*, that the defendant violated the standard condition number 3 when he was untruthful with Probation Officer Donoho on or about July 7, 2017.

---

[7] Under 18 U.S.C. § 3583(e)(3), "[t]he court may … revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court … finds by a preponderance of the evidence that the defendant violation a condition of supervised release."

[8] This first violation (standard condition #3, *see e.g.*, DE 32 at 3, ¶3) compelled the "defendant [to] … answer truthfully all inquiries by the probation officer[,]" as well as "follow the instructions of the probation officer." DE 84 at 2 (amended supervised release violation report).

This allegation stems from a conversation that Sexton had with Probation Officer Donoho on July 7, 2017. The officer had been contacted by Sexton's victim, Apryl Bollin, to disclose an encounter between Sexton and two men acquainted with the victim, occurring on April 10, 2017. *See* DE 84 at 2, ¶1. On July 7, when Sexton was asked about the incident, he "denied ever meeting or speaking with" either men. *Id.*

> …
>
> When [Sexton was] asked by Donoho if he had any contact with either gentleman, he lied and said no. By doing so, he did not truthfully answer all inquiries by the probation officer.
>
> …
>
> Now, with respect to violation number 2,[9] the new law violation, upon review of the statute, KRS 525.080, and reviewing the evidence submitted into the record during the hearing and afterward … [t]he Court finds that the U.S. has produced sufficient evidence by a *preponderance of the evidence* that the defendant committed the crime of harassing communications, a violation of KRS 525.080.
>
> In making this finding, the Court has reviewed the testimony of Lucile Frey carefully, as well as the defendant's own testimony, and concludes the evidence has established the elements of that statute, which have been proven by a *preponderance of the evidence*.
>
> …
>
> [T]his is a supervised release revocation proceeding, where the standard is *preponderance of the evidence*, not beyond a reasonable doubt.

*Id*. at 10-12 (emphasis added).

In evaluating this new law violation, Sexton disagrees with the Court's examination of character evidence, which was raised later in the proceedings. The judge acknowledged that the correlation between certain incidents occurring in Sexton's past, specifically involving "stalking and lashing out[,]" bore some weight to whether the government had met its burden of proving by the preponderance of the evidence that the defendant violated this violation. *See id.* at 14. The judge explained:

---

[9] This violation results from Sexton's harassing texts and calls to Lucile Frey, an 18-year old victim who began an online relationship with the defendant via the Tinder mobile website. *See* DE 83 at 2-3. The magnitude of Sexton's harassment caused Frey to file a complaint against him, eventually leading to the issuance of an arrest warrant and a misdemeanor in the first degree. *Id.*

Page **8** of 11

> THE COURT: [The defendant's] conduct, the history of stalking and lashing out, it's sort of a 404(b) type analysis, in the Court's view.
>
> I understand that while the rules of evidence don't apply in these types of proceedings, his conduct involving other incidents does bear on the Court's ultimate determination whether or not the United States has proven violation number 2 by a *preponderance of the evidence*.
>
> Those additional incidents lead the Court to conclude that he has, in fact, committed the new law violation in Probation Officer Donoho's October 30, 2017 violation report at violation number 2.
>
> The proof adduced at the hearing, as summarized earlier here, in addition to the other incidents, establish by a *preponderance of the evidence* that the defendant committed the crime of harassing communications in violation of 525.080.
>
> The text messages were sent with clear intent to intimidate, harass, or annoy Ms. Frey. They were communicated anonymously or otherwise by phone, and which caused annoyance, and served no purpose of legitimate communication.

*Id.* at 14 (emphasis added); *see also* DE 84 at 2-3.

Despite Sexton's contention, the sentencing judge was not straying from the preponderance-of-evidence standard, but was merely explaining that he had considered the current evidence vis-à-vis the defendant's prior criminal history. Because the rules of evidence are inapplicable to revocation hearings, the judge was not foreclosed from considering Sexton's criminal history, which was properly part of the record before this Court. *See United States v. Chames*, 376 F. App'x 578, 581 (6th Cir. 2010) (per curiam) (citing Fed. R. Evid. 1101(d)(3) and *United States v. Frazier*, 26 F.3d 110, 113 (11th Cir. 1994)). Therefore, Sexton's claim that the sentencing judge used two different standards at the allocution hearing "to establish guilt" (DE 148 at 12) is wholly meritless. As noted above, the judge repeatedly

highlighted his usage of the preponderance-of-evidence standard, and this was, indeed, the standard which was used to conclude that the defendant committed the violations at issue.

<u>Ground 3</u>: *Sexton's claim that a sentencing disparity exists*

Finally, Sexton alleges that he is the victim of an unwarranted sentencing disparity because his sentence was in error; however, he provides nothing more than a bare reference to the case of "U.S. v. Sullivan" in support of his claim that he has been the victim of a sentencing disparity. Yet, notably, because Sexton did not make this sentencing challenge on direct appeal, it is deemed waived and cannot be made for the first time in a § 2255 motion. *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir. 2001). Additionally, Sexton does not bring forward any new evidence showing that a constitutional violation has probably resulted in a conviction of one who is actually innocent. *Bousley*, 523 U.S. at 622. As such, this claim, too, provides Sexton no relief.

## CONCLUSION

Sexton's first claim was initially brought before the Sixth Circuit Court of Appeals. Therefore, he has already sought review and is precluded from taking a second bite at the apple. Sexton's last two claims were not raised on direct appeal, and because of this, he has procedurally defaulted them. Accordingly,

**IT IS HEREBY RECOMMENDED** that Sexton's motion to vacate under 28 U.S.C. § 2255 (DE 148), be **DENIED**.

* * * * * *

Particularized objections to this Report and Recommendation must be filed within fourteen (14) days of the date of service of the same or further appeal is waived. 18 U.S.C. § 636(b)(1); *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Bituminous Cas. Corp. v.*

*Combs Contracting Inc.*, 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). Generalized objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(1).

This the 8th day of July, 2019.



Signed By:
*Edward B. Atkins*    *EBA*
United States Magistrate Judge